BAMBERGER *et al. v.* FIRE ASS'N OF NEW YORK.   SAME *v.* MUTUAL FIRE INS. CO.   SAME *v.* ARMSTRONG FIRE INS. CO.

*(Superior Court of New York City, General Term.* June 27, 1890.)

REFERENCE—WHEN DENIED.

In actions on insurance policies, where each defendant charges fraud on the part of insured, defendants' motions for a compulsory reference are properly denied.

Appeal from special term.

Action by Jacob F. Bamberger and others against the Fire Association of New York, the Mutual Fire Insurance Company, and the Armstrong Fire Insurance Company.   From an order denying their motions for a reference, defendants appeal.

Argued before FREEDMAN and INGRAHAM, JJ.

*Stine & Calman,* (*Joseph H. Choate,* of counsel,) for appellants.   *Hoadley, Lauterbach & Johnson,* (*Edgar M. Johnson,* of counsel,) for respondent.

FREEDMAN, J.   These three actions have been brought to recover moneys due on account of three policies of insurance covering plaintiffs' stock of merchandise at their store in Louisville, Ky.   These policies form part of a

total number of 144 policies upon the whole stock of said merchandise. In each of these actions the defendant has set up a charge of fraud on the part of the insured. For this reason the motion made by each defendant for a compulsory reference was properly denied. True, the character of the action is to be determined from the complaint. But, in exercising its discretion upon the question whether a reference shall or shall not be compelled, the court will look at the papers submitted by both sides; and, if it should appear that a charge of serious fraud is involved in the issues, the motion may well be denied, even if the action be referable. With the exercise of that discretion the general term will not interfere. The views already expressed render it unnecessary to determine the question of power. In each case the order appealed from should be affirmed, but there should be only one bill of costs. All concur.